## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| VALERIE WALENCIK, individually and on behalf of all others similarly situated, | : : : : |
| Plaintiff, | : : |
| v. | : : |
| KOSTAL KONTAKT SYSTEME, INC., a Michigan corporation, | : : : |
| Defendant. | : : |

Case No: 2:24-cv-11713

Hon. David M. Lawson

Mag. David R. Grand

## **JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT**

Plaintiff Valerie Walencik ("Plaintiff") and Defendant Kostal Kontakt Systeme, Inc. ("Defendant") (collectively the "Parties") hereby file this Joint Motion for Approval of FLSA Settlement related to the proposed settlement reached by the Parties and memorialized in the Settlement Agreement and Release ("Settlement" or "Agreement"), attached hereto as **Exhibit 1**, and respectfully request that the Court grant this Joint Motion for Approval of their FLSA Settlement.

I.      **Factual Background and Procedural History**

The above-captioned action asserts unpaid overtime claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, on behalf of Defendant's non-exempt employees.

On July 2, 2024, the named Plaintiff filed this lawsuit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, as a collective action on behalf of herself and all other persons similarly situated, seeking damages for alleged violations of the FLSA (hereinafter referred to as the "Lawsuit"). *See* ECF No. 1. In general, Plaintiff claims that Defendant failed to properly calculate its employees' overtime rates under the FLSA. Defendant denies the allegations made by Plaintiff.

On March 20, 2025, the Parties stipulated to a stay of the case (ECF No. 20) and scheduled a mediation with Dennis Clifford. After engaging in informal discovery, including the production of payroll records for all of Defendant's hourly employees, the Parties retained their own respective analysts to create competing damage models, and the Parties then engaged in settlement discussions. The Parties mutually and voluntarily agreed to a settlement of the Lawsuit prior to the scheduled mediation. The Settlement will cover Plaintiff and others who were shown to have unpaid overtime.

The Agreement provides that, in consideration of the settlement amount, the Lawsuit will be dismissed with prejudice.

## II.   Settlement Terms and Documents

The Gross Settlement Amount is $35,000, which is inclusive of payment for: (i) the issuance of Individual Settlement Payments to 148 putative collective members (Eligible Employees); (ii) a Service Award to the named Plaintiff, Valerie Walencik; and (iii) payment for Attorneys' Fees and Litigation Expenses. (Exhibit 1).

### A.   Individual Settlement Payments

The Individual Settlement Payments are calculated on each Eligible Employees' alleged damages during the Relevant Period, using Defendant's payroll data to determine each employee's individual damages. The individual Settlement Payments will be allocated fifty percent (50%) to back wages (paid via an IRS Form W-2) and fifty percent (50%) to liquidated damages (paid via IRS Form 1099). *Id.* at G.2.

### B.   Service Award

Defendant will pay $2,000 to Plaintiff Valerie Walencik, in addition to her Individual Settlement Payment, for her service as the Named Plaintiff. *Id*. at F.3.

### C.    Attorneys' Fees, Costs and Settlement Administration Fees

Plaintiff's Counsel will receive an attorneys' fees in the amount of $18,500, plus an additional reasonable amount for the litigation expenses in the amount of $2,522.38. *Id*. at F.4.  The amount of fees received by Plaintiff's Counsel is less than their actual lodestar incurred in litigating this case.

The Settlement Agreement also contemplates settlement administration fees and mediation fees.  In addition to the $35,000 Gross Settlement Amount, Defendant will separately pay for the settlement administration fees and the mediator's cancellation fee. *Id*. at B.3 and B.4.

### D.    Release of Claims

The negotiating of a settlement check by any Eligible Employee makes them a Participating Plaintiff and provides sufficient consideration for his or her release of claims. *Id*. at G.4. Eligible Employees will have one hundred eighty (180) days after the Settlement Notice Packets are mailed in which to deposit or otherwise negotiate their settlement checks. *Id.* However, settlement checks not cashed or negotiated within 180 days may be reissued once if the Parties mutually agree, or if the Settlement Administrator determines that there is good cause to do so with respect to any particular settlement check(s). *Id.* If any Eligible Employee does not negotiate his or her settlement check within 180 days of issuance, or thirty (30)

days after reissuance of the settlement check, whichever is later, the funds will be retained by Defendant. *Id.*

The Eligible Employees will be subject to a specific release of wage-and-hour claims arising between July 2, 2021 through December 31, 2024. *Id.* at H.1. Each Individual Settlement Payment issued to Eligible Employees will contain the following release language on the back of the check.

> I knowingly and voluntarily release, waive, and discharge Kostal Kontakt Systeme, Inc., and all other Released Parties, from any and all federal, state, and local wage-and-hour claims of any nature whatsoever that accrued during my employment working at Kostal Kontakt Systeme, Inc. between July 2, 2021 through December 31, 2024, including, but not limited to, all federal, state, and local claims for overtime, minimum wage, and related penalties, interest, liquidated damages, attorneys' fees, and costs.

*Id.* at H.1.

### E.    Notice of Settlement of Lawsuit

The Parties will retain a third-party entity (the "Settlement Administrator") to perform the duties necessary to send "Settlement Notices" and Individual Settlement payments to each Eligible Employee. "Settlement Notice" means the written notification that each Eligible Employee will receive, which explains the settlement and their right to participate, a copy of which is attached as Exhibit A to the Agreement**.** (Exhibit 1).   The Settlement Notice and Individual Settlement Payment shall be mailed by the Settlement Administrator to each Eligible

Employee within twenty-one (21) days after the entry of an Order by this Court approving the Parties' Settlement. *Id.* at G.1.

## III.    Law and Argument

"The circuits are split on whether the settlement of FLSA claims requires Court approval." *Reed v. M3K, LLC*, 2023 WL 8440262, at *1 (E.D. Tenn. Dec. 5, 2023) (*comparing, e.g., Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 256 (5th Cir. 2012) (no Court approval required), *with Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (requiring Court approval) *and Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (same); *see also Barbee v. Big River Steel, LLC*, 927 F.3d 1024 (8th Cir. 2019) (no Court approval of attorneys' fees required).

A growing number of district courts in other circuits have recently analyzed with more scrutiny whether court-approval of FLSA settlements is required, and many have concluded that approval is not required. *See e.g.*, *Corbett v. Pub. Employees' Ret. Sys.*, 2024 WL 518895 (D. Nev. Feb. 9, 2024) ("Rule 41(a)(1)(A) and FLSA's text do not require judicial approval of individual FLSA settlements, and in doing so, it joins the growing number of courts which hold the same."); *Walker v. Marathon Petroleum Corp.*, 2023 WL 4837018 (W.D. Pa. July 28, 2023) (judicial approval is not required for settlement of a bona-fide wage dispute under the FLSA, for either a single plaintiff agreement or a collective action agreement);

*Evans v. Centurion Managed Care of Arizona LLC*, 2023 WL 5095201 (D. Ariz. Aug. 9, 2023); *Regalado v. Albuquerque Mail Serv., Inc.*, 2023 WL 3649001 (D. N.M. May 25, 2023); *Alcantara v. Duran Landscaping, Inc.*, 2022 WL 2703610, at *1 (E.D. Pa. July 12, 2022).

Many district courts in this Circuit recently reached the same persuasive conclusion that Court approval is not required. *See Askew v. Inter-Continental Hotels Corp.*, 5:19-cv-24, 2022 WL 3161927 (W.D. Ky. Aug. 8, 2022) (court approval of FLSA settlements is not required); *see also Reed v. M3K, LLC*, 2023 WL 8440262 (E.D. Tenn. Dec. 5, 2023) (same); *Gilstrap v. Sushinati LLC,* No. 1:22-cv-434, --- F. Supp. 3d ---, 2024 WL 2197824, at *1 (S.D. Ohio May 15, 2024) (same).

While the Sixth Circuit has not weighed in on the issue, a growing number of district courts within the Sixth Circuit have found the reasoning in *Gilstrap* persuasive and held that court approval of FLSA collective action settlements is not required. *See Reid v. Peterson Farms, Inc.,* No. 1:24-cv-340, 2024 WL 5374819, at *1 (W.D. Mich. Dec. 9, 2024) ("This Court adopts the reasoning in *Gilstrap* and finds that the Court does not have any obligation or authority to approve the parties' settlement agreement."); *Barrios v. Kamps, Inc*., No. 1:23-cv-584, 2024 WL 4181210, at *1 (W.D. Mich. Sept. 12, 2024) ("This Court adopts the reasoning in *Gilstrap* and finds that the Court does not have any obligation or

authority to approve the parties' settlement agreement."); *Cataline v. Beechmont Brewing*, LLC, No. 1:23-cv-621, 2024 WL 4313715, at *1 (S.D. Ohio Sept. 26, 2024) ("This Court agrees with the opinion in *Gilstrap* and joins the trend emerging in this District of eliminating the prudential condition that requires district court approval of FLSA settlements."); *Stephens v. Auto Sys. Ctrs., Inc.*, No. 2:21-cv-5131, 2024 WL 4577862, at *1 (S.D. Ohio Oct. 22, 2024) ("The undersigned finds the reasoning of *Gilstrap* persuasive and concludes that Court approval of the parties' FLSA settlement is neither required nor authorized."); *Berner v. PharMerica Logistics Servs., LLC*, No. 3:23-CV-00142-CRS, 2024 WL 5147039, at *3 (W.D. Ky. Dec. 17, 2024) ("In short, the text of the FLSA does not require court approval prior to settlement or dismissal nor is there binding case law to that effect. Also for the same reasons set out in *Gilstrap*, this Court likewise concludes that it lacks the authority to approve or reject FLSA settlements. Furthermore, the Court agrees that Rule 41 of the Federal Rules of Civil Procedure governs the dismissal of FLSA claims."); *Evans v. RWS Res., LLC*, No. 4:23-CV-00120-GNS-HBB, 2025 WL 354715, at *2 (W.D. Ky. Jan. 31, 2025) ("[T]he Sixth Circuit has never cited *Lynn's Food Stores*, and the more recent trend is to reject the Eleventh Circuit's reasoning to the extent it may require court approval of ordinary FLSA collective action settlements…" The court in *Evans* explained that "it lacks authority to provide judicial approval of FLSA collective-action

settlements because there is no FLSA [or] any binding Sixth Circuit precedent requir[ing] or authoriz[ing] district court approval of FLSA collective-action settlements…").

Until the Sixth Circuit addresses the issue, out of an abundance of caution, the Parties have submitted this settlement for review and approval.

### A.     The Settlement is Fair and Reasonable

Here, the proposed Settlement is fair and reasonable and satisfies the standard for approval under the FLSA, 29 U.S.C. § 216(b). The Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation. Plaintiff's Counsel states and represents that they believe the Settlement is fair, reasonable, and adequate, and in the best interests of the Plaintiffs. Here, the settlement should be approved once the Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the Parties' counsel's experience and views.

The Parties request that the Court: (1) approve the settlement documents attached to the Agreement; and (2) order that the Settlement be implemented according to the terms and conditions of the Agreement.

**B.      The Fees and Costs Allotment is Reasonable**

Plaintiff's counsel's request for an allotment of $18,500.00 in attorneys' fees and $2,522.38 in costs is reasonable and reflects the Parties' arms-length compromise.  Counsel has litigated this action since its inception, and the legal services provided included initial and subsequent case investigation, preparation of the Complaint, analysis of documentation provided by Defendant, meetings and other correspondence with defense counsel.  Plaintiff's counsel has incurred fees and expended time and costs on Plaintiff's behalf without compensation or reimbursement and without certainty of compensation or reimbursement upon resolution of this matter.  Plaintiff's counsel's fee and cost request is therefore reasonable and fair.  Defendant agrees to this fees and costs allotment, further evidencing the reasonableness of the request.

**IV.   Conclusion**

The settlement reached was a fair and reasonable compromise of the respective positions of both sides.  The Parties therefore respectfully request that the Court grant this Joint Motion for Approval of FLSA Settlement.

Dated:  July 11, 2025                    Respectfully submitted,

                                        */s/ Jesse L. Young*
                                        Jesse L. Young (P72614)
                                        **SOMMERS SCHWARTZ, P.C.**
                                        141 E. Michigan Avenue, Suite 600
                                        Kalamazoo, Michigan 49007
                                        (269) 250-7500

jyoung@sommerspc.com

*Attorneys for Plaintiffs*


/s/ Brett J. Miller (with consent)
Brett J. Miller (P68612)
Blaine Veldhuis (P78840)
**Butzel Long**
150 W. Jefferson, Ste. 100
Detroit, MI 48226
(313) 225-5316
millerbr@butzel.com
veldhuis@butzel.com

*Attorneys for Defendant*

11