UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALERIE WALENCIK,

        Plaintiff,                Case Number 24-11713

v.                                            Honorable David M. Lawson

KOSTAL KONTAKT SYSTEME, INC.,

        Defendant.

_____/

**ORDER DENYING WITHOUT PREJUDICE JOINT MOTION
TO APPROVE SETTLEMENT AGREEMENT**

This matter is before the Court on the parties' joint motion for approval of a settlement agreement. The plaintiff filed this case under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* on behalf of herself and others similarly situated, seeking certification as a collective action. In her complaint, the plaintiff alleged that the defendant failed to properly compensate employees for their overtime work. The parties represent that they engaged in "informal discovery" before mediating the case. During the mediation, the parties apparently reached an agreement to resolve the claims of the plaintiff as well as others employed by the defendant.

The motion lays out the parties' intended protocol for settling the claims of approximately 148 non-exempt putative plaintiffs who are presently or were employees of the defendant. However, the parties never have moved to certify this case as a collective action. The parties must obtain certification of the case as a collective action before the Court can determine whether to approve a settlement as such. For that reason, the Court must deny the motion to approve the proposed settlement at this time.

"'Congress passed the FLSA with broad remedial intent,' to address 'unfair method[s] of competition in commerce' that cause 'conditions detrimental to the maintenance of the minimum

standard of living necessary for health, efficiency, and general well-being of workers.'" *Monroe v. FTS USA, LLC*, 815 F.3d 1000, 1008 (6th Cir. 2016) (quoting *Keller v. Miri Microsystems LLC*, 781 F.3d 799, 806 (6th Cir. 2015); 29 U.S.C. § 202(a)). "To effectuate Congress's remedial purpose, the FLSA authorizes collective actions 'by any one or more employees for and on behalf of himself or themselves and other employees similarly situated.'" *Monroe*, 815 F.3d at 1008 (quoting 29 U.S.C. § 216(b)).  The class-based litigation format authorized by 29 U.S.C. § 216(b), labeled a collective action, "serves an important remedial purpose" by allowing "a plaintiff who has suffered only small monetary harm [to] join a larger pool of similarly situated plaintiffs" in order to reduce individual litigation costs and employ judicial resources efficiently. *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 586 (6th Cir. 2009) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).  The statute sets out two requirements for collective actions: "1) the plaintiffs must actually be 'similarly situated,' and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).

"[U]nlike a Rule 23 class action, an FLSA collective action is not representative — meaning that 'all plaintiffs in an FLSA action must affirmatively choose to become parties by opting into the collective action.'" *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1009 (6th Cir. 2023) (quoting *Canaday v. Anthem Companies, Inc.*, 9 F.4th 392, 402 (6th Cir. 2021)).  Employees not named as plaintiffs "become parties to an FLSA suit (as opposed to mere recipients of notice) only after they opt in and the district court determines — not conditionally, but conclusively — that each of them is in fact 'similarly situated' to the original plaintiffs." *Ibid.*

Because the Court has not yet certified this case as a collective action, and no notices have been issued to putative plaintiffs, the parties' attempt to secure approval of the settlement is

premature. Because of the procedural strictures attendant to FLSA actions, courts have observed that approval of an FLSA settlement requires a finding that "all plaintiffs are similarly situated." *O'Bryant v. ABC Phones of N. Carolina, Inc.*, No. 19-02378, 2020 WL 4493157, at *9 (W.D. Tenn. Aug. 4, 2020). Here, the parties in essence "ask the court to approve their settlement agreement for both the named and putative plaintiffs and dismiss this lawsuit with prejudice before the court has certified the lawsuit as a collective action and before any collective action members have received notice and the opportunity to opt-in to the lawsuit." *Shepheard v. Aramark Unif. & Career Apparel, LLC*, No. 15-7823, 2016 WL 5817074, at *2 (D. Kan. Oct. 5, 2016). "[C]ourts have raised concerns about this approach because: (1) approving the settlement for a named plaintiff would moot the FLSA lawsuit, given the opt-in nature of the collective action, and (2) a named plaintiff has no authority to settle claims for plaintiffs who have not opted-in." *Ibid.* (collecting cases); *see also Highman v. Northstar Cafe Easton, LLC*, No. 23-1757, 2025 WL 388709, at *3 (S.D. Ohio Feb. 4, 2025) ("Because Plaintiffs do not act in a representative capacity on behalf of those who have not yet opted in to the action, the Court doubts whether Plaintiffs have the authority to settle the FLSA collective action on behalf of other potential plaintiffs who have not yet received Court-supervised notice of the action.").

The parties have not provided sufficient details for the Court to determine the propriety of certifying the case as collective action. The Court also observes that the proposed settlement, as presently structured, appears at odds with several aspects of FLSA practice. For instance, courts generally mandate notice to opt-in potential plaintiffs occur *before* dismissal of case. *See O'Bryant*, 2020 WL 4493157, at *12 (collecting cases raising justiciability concerns with similar proposed settlements). Courts also have ruled that cashing a check is not sufficient to comply with § 216(b)'s mandate that opt-in plaintiffs give their consent to join the suit "in writing" and "file[]"

it in court." *Id.* at *10; *Coleman v. Amazon.com, Inc.*, No. 21- 2200, 2023 WL 4408713, at *2 (W.D. Tenn. July 7, 2023).  Moreover, the parties' motion includes only a perfunctory explanation of the reasonableness of the proposed attorney's fees and incentive award.  In light of these issues, the Court will deny the joint motion to approve the settlement without prejudice.

Accordingly, it is **ORDERED** that the parties' joint motion to approve the settlement (ECF No. 23) is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   July 17, 2025